# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-498-RJC-DSC

| | |
|---|---|
| **CHARLOTTE-MECKLENBURG BOARD OF EDUCATION,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **DISABILITY RIGHTS NORTH CAROLINA,** | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss" (document #7) filed September 15, 2017, and "Defendant's Renewed Motion to Dismiss Amended Complaint" (document #12) filed September 29, 2017, as well as the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and these Motions are now ripe for the Court's consideration.

On September 28, 2017, Plaintiff filed an Amended Complaint as a matter of right. Fed. R. Civ. P. 15(a)(1)(B)(party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier"). Accordingly, the Court will administratively deny as moot "Defendant's Motion to Dismiss" (document #7). See Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect and motions directed at superseded pleadings are to be denied as moot).

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that "Defendant's Renewed Motion to Dismiss Amended Complaint" (document #12) be <u>denied</u>, as discussed below.

This action centers on Metro School, a school operated by Plaintiff that serves students with disabilities. Defendant is the Protection and Advocacy system designated by the Governor of North Carolina to provide protection and advocacy services to individuals with disabilities. After conducting a preliminary investigation at the school, Defendant found probable cause that students were being subjected to abuse and/or neglect, thus meriting further investigation. Defendant requested contact information for the parents of students enrolled at Metro School. Plaintiff refused to produce that information and requested that Defendant provide the basis for its probable cause determination. This litigation ensued.

On August 18, 2017, Plaintiff filed a Complaint which as amended seeks relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff seeks a declaratory judgment interpreting the relevant federal statutes, determining a standard for probable cause, and resolving whether it is required to release the parents' contact information.

On August 23, 2017, Defendant filed a Complaint seeking the opposite declaratory relief – that is, an order compelling Plaintiff to produce the information and allowing it to conduct its investigation without disclosing to Plaintiff the basis for its probable cause determination. <u>See Disability Rights North Carolina v. Charlotte-Mecklenburg Schools Board of Education</u>, Civil Action No. 3:17-cv-00511.

On September 19, 2017, Plaintiff filed a Motion to Consolidate the two cases.

On November 9, 2017, the Honorable Robert J. Conrad, Jr., <u>granted</u> Plaintiff's Motion and the two cases were <u>consolidated</u> under the Caption and File Number stated above.

Defendant's Motion to Dismiss the Amended Complaint was filed prior to consolidation. Defendant argues that Plaintiff lacks standing because there is no case or controversy and seeks an advisory opinion from this Court. Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992) (A crucial aspect of the case or controversy requirement is standing and plaintiff seeking federal jurisdiction bears the burden of establishing standing); Maryland Cas. Co. v. Pacific Co., 312 U.S. 270, 273 (1941) (Any decision by the court where the case or controversy requirement is not met "would be an improper advisory opinion on an abstract question").

Applying those legal principles and the other authorities cited in Plaintiff's briefs, the undersigned concludes that Plaintiff has standing to bring this action. Indeed, Plaintiff's claims are based upon the same operative facts and present the same legal issues as in Defendant's Complaint. Moreover, the two cases have now been consolidated. Accordingly, the undersigned respectfully recommends that "Defendant's Renewed Motion to Dismiss Amended Complaint" (document #12) be denied.

## ORDER

"Defendant's Motion to Dismiss" (document #7) is administratively **DENIED AS MOOT**.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Renewed Motion to Dismiss Amended Complaint" (document #12) be **DENIED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the

District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel, and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: February 16, 2018

David S. Cayer
United States Magistrate Judge