IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-cv-00498

| | | |
|---|---|---|
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, | ) ) ) | |
| Plaintiff and Consolidated Defendant, | ) ) ) | |
| | ) | MOTION FOR |
| v. | ) ) | PROTECTIVE ORDER |
| DISABILITY RIGHTS NORTH CAROLINA, | ) ) ) | |
| Defendant and Consolidated Plaintiff. | ) ) | |

Defendant/Consolidated Plaintiff, by and through counsel and pursuant to Rule 26 of the Federal Rules of Civil Procedure, submits this Motion for Protective Order as to Plaintiff's First Combined Requests for Admissions, Interrogatories and Requests for Production ("Plaintiff's First Combined Requests"). In support hereof, Defendant shows the Court the following:

1. Charlotte-Mecklenburg Board of Education ("CMBOE") operates the system of public schools serving Mecklenburg County, North Carolina, including the Metro School, which serves only students with disabilities, most of whom have limited verbal communication skills.

2. Disability Rights North Carolina ("DRNC") is the designated Protection and Advocacy system ("P&A") for North Carolina. Each State and U.S. Territory has a designated P&A pursuant to federal law. 42 U.S.C. § 15043.

3. DRNC notified CMBOE that, in its role as the P&A, it had received a complaint regarding alleged abuse and/or neglect of students at Metro School. DRNC also determined that there is probable cause to believe such abuse and/or neglect had occurred. DRNC therefore asserted its statutory authority to access the names and contact information for the parents or

1

guardians of students enrolled in the Metro School.

4. CMBOE filed this action on August 18, 2017, seeking a declaratory judgment regarding the standard under which DRNC can assert it has determined there is probable cause to believe that abuse or neglect has occurred at Metro School.

5. On August 23, 2017, DRNC, unaware of CMBOE's lawsuit, filed its own action seeking declaratory and injunctive relief requiring CMBOE to provide the requested names and contact information.

6. On October 29, 2018, CMBOE sent by email Plaintiff's First Combined Requests. (Exhibit A.)

7. On November 29, 2018, DRNC submitted its Response to Plaintiff's First Combined Requests. DRNC objected to a number of the Requests, as CMBOE sought information that is protected under the attorney-client privilege, the work product doctrine, and the confidentiality protections (hereinafter "the P&A privilege") of the Developmental Disabilities Assistance and Bill of Rights Act ("the DD Act"), 42 U.S.C. §§ 15001 *et seq.* and the Protection and Advocacy of Individual Rights Program ("the PAIR Act"), 29 U.S.C. § 794e.

8. On January 18, 2019, CMBOE sent by email a request for supplemental responses, seeking the information DRNC declined to provide in its Response.

9. The information sought is:

- The number of complaints, and the date(s) on which DRNC received, a complaint(s) regarding the alleged improper use of assistive technology devices at Metro School;

- The identity of any person, excluding clients, who has knowledge regarding the received complaint(s) or the records CMBOE provided in response to DRNC's request of June 7, 2017;

2

- The facts underlying DRNC's basis for its determination that probable cause exists to believe abuse or neglect has occurred; and

- DRNC records, including electronic files from and about an individual(s) reporting an allegation of abuse or neglect; notes and files of non-attorney advocates working under the supervision of an attorney; and waivers or release forms obtained as part of DRNC's investigation.

10. The parties conferred by telephone on the afternoon of January 28, 2019, as to DRNC's position that CMBOE is not permitted to obtain the requested documents and information, as it is privileged and/or protected by the work product doctrine.

11. The parties determined during the telephone conference that they were unable to resolve this dispute regarding discovery. DRNC files this Motion for Protective Order as a result.

**Legal Framework:**

12. A protective order is available to a party for good cause shown, and the Court may order, among other things, that the discovery will not be had, that the discovery will be available only on specified terms, that the discovery may only be had by a different method of discovery other than the one sought, or that the scope will be limited. Fed. R. Civ. P. 26(c). The Court has discretion in ruling on a Motion for Protective Order. M&M Medical Supplies and Serv. Inc. v. Pleasant Valley Hospital, Inc., 981 F.2d 160, 163 (4th Cir. 1992).

13. The scope of discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In other words, the party is not entitled to discovery of irrelevant information.

14. CMBOE's discovery request seeks information that is irrelevant to its claims and defenses. At its core, this litigation asks the Court to determine who is the final arbiter of probable cause as between the P&A (DRNC) and the service provider (CMBOE). As a matter of statutory

3

interpretation, the underlying facts of the probable cause determination are immaterial and therefore not discoverable.

15. CMBOE's discovery request also seeks information that is privileged. As DRNC received one or more complaints alleging abuse or neglect pursuant to a confidential communication with a client(s), such information is subject to the attorney-client privilege. (Sullivan Aff. ¶ 3.) Similarly, any communication from an individual to a DRNC attorney, or non-attorney advocate working under the supervision of a DRNC attorney, made for the purpose of obtaining a legal opinion or legal services, constitutes a communication from a client and is also privileged.

16. The information sought by CMBOE is also protected by the P&A privilege. The P&A is required to keep confidential all records and information, including the identity of an individual who reports abuse or neglect, or who furnishes information that forms the basis of a probable cause determination, and the names of individuals who provided information to the P&A "for the record." 45 C.F.R. § 1326.28(b)(1). Further, "records maintained by the P&A system are the property of the P&A system which must protect them from loss, damage, tampering, [or] unauthorized use." § 1326.28(b). All records and information maintained by DRNC are protected by this P&A privilege and therefore not subject to discovery.

17. Attorney work product is normally not discoverable. Fed. R. Civ. P. 26(b)(3)(A). CMBOE seeks information that constitutes attorney work product, specifically information contained in a memorandum developed by DRNC attorneys outlining the basis for its probable cause determination. (Sullivan Aff. ¶¶ 6-9.)

18. Attorney work product may be subject to discovery where the party requesting the materials demonstrates "it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P.

26(b)(3)(A)(ii). As the facts underlying a complaint(s) or probable cause determination are irrelevant to the statutory interpretation sought from the Court, CMBOE does not have a substantial need for the information it seeks to discover.

19. Finally, a party is not entitled to discovery of documents and information where that discovery would essentially grant the party the substantive relief it requests, i.e. disclosure of the documents and information that is purportedly not subject to disclosure. See, e.g., Hill v. Exec. Office for United States Attys., 2017 U.S. Dist. LEXIS 187968 (W.D. Va. 2017); Local 3, Int'l Bhd. of Elec. Workers v. NLRB, 845 F.2d 1177 (2d Cir. 1988); Pollard v. FBI, 705 F.2d 1151 (9th Cir. 1983).

20. CMBOE's discovery request seeks the same information as the remedy in this matter, i.e. information that relates to a complaint(s) received by or probable cause determination made by DRNC. Thus, the information CMBOE seeks is not within the realm of discovery. Even if it were, the information is privileged and/or constitutes work product, and DRNC is therefore prohibited from providing it to CMBOE. As such, CMBOE is not entitled to discovery of the information.

WHEREFORE, Defendant respectfully submits that Defendant's Motion for Protective Order should be granted.

This the 29th day of January, 2019.

/s/ Kristine L. Sullivan
Kristine L. Sullivan, N.C. State Bar No. 35595
kristine.sullivan@disabilityrightsnc.org

/s/ Virginia Fogg
Virginia Fogg, N.C. State Bar No. 21116
virginia.fogg@disabilityrightsnc.org

*Attorneys for Defendant*
DISABILITY RIGHTS NC
3724 National Drive, Suite 100

Raleigh, NC 27612  
Phone: (919) 856-2195  
Fax: (919) 856-2244

Certificate of Service

The undersigned hereby certifies that on January 29, 2019, I electronically filed the foregoing Defendant's Motion for Protective Order with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel for Plaintiff.

    Respectfully submitted,

    /s/ Kristine L. Sullivan
    Kristine L. Sullivan, N.C. State Bar No. 35595
    kristine.sullivan@disabilityrightsnc.org
    *Attorney for Defendant*
    DISABILITY RIGHTS NC
    3724 National Drive, Suite 100
    Raleigh, NC  27612
    Telephone: (919) 856-2195
    Fax: (919) 856-2244