IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-cv-00498

| | |
|---|---|
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, | ) ) ) |
| Plaintiff and Consolidated Defendant, | ) ) ) |
| v. | ) ) ) |
| DISABILITY RIGHTS NORTH CAROLINA, | ) ) ) ) |
| Defendant and Consolidated Plaintiff. | ) ) |

MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION
FOR PROTECTIVE ORDER

Defendant/Consolidated Plaintiff, by and through counsel and pursuant to Rule 26 of the Federal Rules of Civil Procedure, submits this Memorandum in Support of Defendant's Motion for Protective Order as to Plaintiff's First Combined Requests for Admissions, Interrogatories and Requests for Production.

**INTRODUCTION**

Defendant Disability Rights NC ("DRNC") seeks a protective order regarding Plaintiff's First Combined Requests for Admissions, Interrogatories and Requests for Production (hereinafter "Plaintiff's First Combined Requests"). Plaintiff Charlotte-Mecklenburg Board of Education ("CMBOE") seeks to achieve, through discovery, the ultimate remedy that CMBOE would obtain if it prevailed; information that is irrelevant to the resolution of the subject matter of this litigation; and/or information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or the confidentiality privileges and requirements embodied in the Developmental Disabilities Assistance and Bill of Rights Act ("the DD Act"), 42 U.S.C. §§ 15001 *et seq.* and the Protection and Advocacy of Individual Rights Program ("the PAIR Act"), 29 U.S.C. § 794e.

1

## STATEMENT OF THE CASE

CMBOE filed this action on August 18, 2017 seeking declaratory relief. DRNC, unaware of CMBOE's lawsuit, filed its own action seeking declaratory and injunctive relief on August 23, 2017. CMBOE filed an Amended Complaint on September 28, 2017. The cases were consolidated on November 9, 2017, and on August 15, 2018, the Court denied DRNC's Motion to Dismiss the action filed by CMBOE. DRNC subsequently filed its Answer on August 29, 2018. The Court entered a Scheduling Order on September 17, 2018.

## STATEMENT OF THE FACTS

DRNC is the duly-designated state Protection and Advocacy System ("P&A") for individuals with disabilities in North Carolina. 42 U.S.C. § 15043(a)(1)-(2). DRNC has the responsibility and authority to access records in the course of investigating allegations of abuse or neglect of individuals with disabilities. 29 U.S.C. § 794e(f)(2); 42 U.S.C. § 15043(I). The records to which DRNC is entitled access include the names and contact information for the parent or guardian of an individual "about whom a complaint has been received by the [P&A] system or, as a result of monitoring or other activities, the system has determined that there is probable cause to believe that the individual… has been subject to abuse or neglect." 45 C.F.R. § 1326.25(a)(3). DRNC seeks to access the names and contact information of parents/guardians of students who attend CMBOE's Metro School, as it has received one or more complaints and determined that there is probable cause to believe the students have been subject to abuse or neglect. CMBOE has declined to provide the requested information, citing the Family Educational Rights and Privacy Act ("FERPA") and its assertion that DRNC lacks a complaint and/or probable cause to assert its access authority. Both CMBOE and DRNC asked this Court to interpret the DD and PAIR Acts to determine, as between the parties, who is the final arbiter of probable cause; in other words, whether DRNC is required to provide CMBOE with any information regarding the basis for its

assertion that it has received one or more complaints and/or its probable cause determination.

On October 29, 2018, CMBOE sent by email Plaintiff's First Combined Requests. On November 29, 2018, DRNC submitted its Response to Plaintiff's First Combined Requests. DRNC objected to a number of the Requests, as CMBOE sought information that is protected under the attorney-client privilege, the confidentiality protections of the DD and PAIR Acts (hereinafter "the P&A privilege") and/or the work product doctrine. On January 18, 2019, CMBOE sent by email a request for supplemental discovery, seeking the information DRNC declined to provide in its Response. The parties conferred by phone on January 28, 2019. The parties determined that they were unable to resolve the dispute as to the outstanding requests. The information sought is:

- The number of complaints, and the date(s) on which DRNC received, one or more complaints regarding the alleged improper use of assistive technology devices at Metro School;
- The identity of any person, excluding clients, who has knowledge regarding the received complaint(s) or the records CMBOE provided in response to DRNC's request of June 7, 2017;
- The facts underlying DRNC's basis for its determination that probable cause exists to believe abuse or neglect has occurred; and
- DRNC records, including electronic files from and about an individual(s) reporting an allegation of abuse or neglect; notes and files of non-attorney advocates working under the supervision of an attorney; and waivers or release forms obtained as part of DRNC's investigation.

**ARGUMENT**

A protective order is available to a party for good cause shown, and the Court may order, among other things, that the discovery will not be had, that the discovery will be available only on

specified terms, that the discovery may only be had by a different method of discovery other than the one sought, or that the scope will be limited. Fed. R. Civ. P. 26(c). The Court has discretion in ruling on a Motion for Protective Order. M&M Medical Supplies and Serv. Inc. v. Pleasant Valley Hospital, Inc., 981 F.2d 160, 163 (4th Cir. 1992).

DRNC seeks a protective order because the discovery sought by CMBOE would require disclosure of the same information CMBOE seeks as the remedy in the present matter – information that relates to one or more complaints received by or probable cause determination made by DRNC. DRNC also seeks a protective order because the discovery sought by CMBOE is irrelevant to the resolution of the subject matter of the inquiry. Finally, the discovery sought is protected by the attorney-client privilege, and/or the P&A privilege, and/or the work product doctrine.

**I. CMBOE's Discovery Requests Seek the Same Information Sought Through the Present Action**

CMBOE initiated this action to seek the Court's interpretation of the standard and process through which DRNC can assert its access authority after making a probable cause determination. (Pl. Am. Comp. ¶ 54.) CMBOE posits that DRNC is required to provide CMBOE with the facts underlying one or more complaints and/or its probable cause determination, thereby permitting CMBOE to assess the sufficiency of DRNC's assertion for itself. (Pl. Am. Comp. ¶ 43.) Conversely, DRNC asserts that the DD and PAIR Acts require it only notify CMBOE that it has received a complaint and/or made a probable cause determination, and prohibit DRNC from providing CMBOE any information regarding the complaint or the basis for its determination. (Def. Comp. ¶ 24, 27.) CMBOE's discovery requests seeking the facts underlying any complaint(s) and/or DRNC's probable cause determination is an attempt to obtain the relief it requests of this Court prior to resolution of the legal issue at the core of this litigation. To permit

4

CMBOE to obtain information now that the Court may subsequently rule it is not entitled to receive at all would leave DRNC without an adequate remedy for the violation of its rights.

The present matter is analogous to cases challenging a government body's refusal to provide records it asserts are exempt from Freedom of Information Act (FOIA) requests. In many such cases, the plaintiff seeks to obtain, through discovery, the document that the government alleges is exempt from the FOIA request. Courts have repeatedly held that where discovery would essentially grant the plaintiff the substantive relief it requests, i.e. disclosure of a document that the government claims is exempt, the plaintiff is not entitled to discovery of such documents. For example, in <u>Local 3, Int'l Bhd. of Elec. Workers v. NLRB</u>, a labor union filed numerous petitions in support of its effort to become a certified bargaining agent for construction contractors in the New York area. 845 F.2d 1177, 1178-1179 (2d Cir. 1988). The National Labor Relations Board (NLRB) dismissed the petitions without hearing; the union filed a FOIA request seeking records regarding NLRB's decision. <u>Id.</u> at 1179. NLRB declined to provide the records, claiming they were exempt from FOIA. <u>Id.</u> The union filed a lawsuit seeking to compel production of the documents under FOIA; the district court denied the union's motion. <u>Id.</u> On appeal, the U.S. Court of Appeals for the Second Circuit held that in an action to determine whether a party has the right to receive agency documents, and discovery "would essential grant [the party] the substantive relief if requests," i.e. disclosure of documents the agency claims are exempt from disclosure, the party "is not entitle to discovery of documents claimed to be exempt." <u>Id.</u>; <u>see also</u> <u>Hill v. Exec. Office for United States Attys.</u>, 2017 U.S. Dist. LEXIS 187968 (W.D. Va. 2017); <u>Pollard v. FBI</u>, 705 F.2d 1151 (9th Cir. 1983). This Court should similarly hold that where, as here, the plaintiff seeks to obtain information through discovery that the P&A alleges is exempt from disclosure, the plaintiff is not entitled to recover such information through discovery.

## II. The Information CMBOE Seeks is Irrelevant to Its Claims and Defenses and Therefore Outside the Scope of Discovery

Rule 26(b) of the Federal Rules of Civil Procedure expressly limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Where the Court is presented solely with an issue of statutory interpretation, and the underlying facts are immaterial to such interpretation, the facts are irrelevant and therefore not discoverable.

At its core, this litigation asks the Court to determine who is the final arbiter of probable cause as between the P&A (DRNC) and the service provider (CMBOE).[1] This is solely a matter of statutory interpretation; the number or substance of any complaint(s) received by DRNC, and/or the facts and deliberations underlying its probable cause determination, are irrelevant to that interpretation.[2] Therefore, CMBOE is not entitled to discover the information it seeks.

## III. CMBOE Seeks to Discover Information that is Privileged and/or Protected Work Product.

### a. Some Facts Underlying DRNC's Basis for its Probable Cause Determination are Attorney-Client Communications and Thus are Privileged.

When a party holds information that is otherwise discoverable by asserting a claim of privilege, the party must expressly state the claim and describe the nature of communications not disclosed in a manner that enables the other party to assess the claim without revealing the privileged information. Fed. R. Civ. P. 26(b)(5).

---

[1] The Court is also asked to interpret the relationship between the DD and PAIR Acts and FERPA. This is clearly settled law, resolved in favor of the P&A system. Any factual basis underlying DRNC's request for parent/guardian names and contact information is irrelevant to the interpretation sought and is therefore not addressed further in this memorandum.

[2] While it is within the Court's discretion to review the sufficiency of DRNC's basis for determining probable cause, the Court is not required to do so in order to resolve ultimate issue regarding who the final arbiter of probable cause is as between the P&A and a service provider.

6

In Plaintiff's First Combined Request, CMBOE sought to obtain details of any complaint(s) DRNC received regarding the alleged improper use of assistive technology devices at Metro School, include "the nature of those complaints," the dates of each, and "who made those complaints." Plaintiff's First Combined Request No. 3. In its Response, DRNC asserted that to the any complaint DRNC received pursuant to a confidential communication with a client(s), such information is subject to the attorney-client privilege and therefore would not be provided to CMBOE. Similarly, any communication from an individual to a DRNC attorney or a non-attorney advocate working under the supervision of a DRNC attorney, made for the purpose of obtaining a legal opinion or legal services, constitutes a communication from a client and is also privileged, and therefore not discoverable.

b. **Any Non-Privileged Complaints or Factual Information Used in DRNC's Probable Cause Determination are Protected as Attorney Work Product.**

CMBOE seeks discovery of "all documents that summarize, memorialize or detail the observations made by DRNC during visits at Metro School" and/or the nature of any complaint(s) it received. (Plaintiff's First Combined Request No. 2 and No. 3.) In its Response, DRNC explained that such documentation, including a memorandum that details DRNC's basis for its probable cause determination, constitutes the mental impressions, conclusions, opinions and/or legal theories of a DRNC attorney(s) and is therefore attorney work product. In its request for supplemental responses, CMBOE again seeks the facts underlying DRNC's basis for its probable cause determination, alleging that such facts are not privileged and therefore discoverable.

To the extent that factual information was obtained from communications with non-client parties, DRNC concedes that the information is not privileged. However, such information is inextricably entwined in DRNC's determination regarding probable cause. In the P&A context, "probable cause" means a reasonable ground for the belief that an individual has been, or may be,

subject to abuse or neglect. 45 C.F.R. § 1326.19. Determining whether probable cause exists necessarily entails drawing conclusions and forming opinions about any complaints the P&A has received and/or observations of P&A staff, as well as drawing reasonable inferences from the experience and training of those staff. It is DRNC's policy and practice to have an attorney(s) conduct or participate in making any probable cause determination, and in drafting a memorandum outlining the basis for probable cause where the attorney(s) anticipate there may be litigation. DRNC adhered to that policy and practice in this case; the probable cause determination was made by a DRNC attorney(s), and memorandum drafted by such attorney(s) after CMBOE first declined to provide the requested guardian names and contact information and indicated that it would seek court resolution if necessary. The information regarding alleged abuse or neglect provided to DRNC is indivisible from the conclusions, opinions and inferences drawn by DRNC, and CMBOE's request for such information constitutes a request that DRNC reveal its attorney's interpretation of the information, i.e. its attorney's work product.

Materials that are not normally discoverable, such as work product, can be subject to discovery where the party requesting them demonstrates "it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). As previously discussed, CMBOE does not have a substantial need for the materials it seeks, as the factual basis for DRNC's probable cause determination are irrelevant to the central issue of who determines the existence of probable cause as between CMBOE and DRNC. Therefore, the court should prohibit the discovery of the information protected by the work product doctrine.

### c. The DD and PAIR Acts Prohibit DRNC From Disclosing Information Regarding Any Complaint and its Probable Cause Determination, Including the Identity of Any Person Who Has Knowledge of Such Information.

The DD and PAIR Acts proscribe the P&A from disclosing a wide range of information. The P&A is obligated to

> keep confidential all records and information, including information contained in any automated electronic database pertaining to clients… the identity of individuals who report incidents of abuse or neglect, or who furnish information that forms the basis for a determination that probable cause exists; and names of individuals who have received services, supports or other assistance, and who provided information to the P&A for the record.

45 C.F.R. § 1326.28(b)(1). Regarding "individuals who provided information to the P&A for the record" or who furnish information that forms the basis for a probable cause determination, the DD and PAIR Acts make no distinction between individuals employed by the P&A and individuals outside of its employ. Further, "records maintained by the P&A system are the property of the P&A system which must protect them from loss, damage, tampering, [or] unauthorized use." § 1326.28(b).

All of the information CMBOE seeks through discovery is information that is protected under this privilege. The number of complaints received and the date(s) on which such complaints were received is information that is part of a probable cause determination. The identity of any person who has provided information to DRNC, whether employed by the organization or not, is confidential. A DRNC employee who observed conditions at Metro School, reviewed documents, or spoke with an individual making a complaint, is a person who provided information to the P&A for the record. And all DRNC records are similarly confidential pursuant to the P&A privilege. Therefore, the provision of such documents and information cannot be compelled through discovery.

At least one court has held that the P&A privilege is a bar to discovery. In <u>Disability Law Ctr. of Alaska, Inc. v. N. Star Behavioral Health Sys.</u>, the P&A sought to obtain peer review records from a service provider. When the provider refused to deliver the records, the P&A filed an action for declaratory judgment establishing that it is entitled access to the requested records. 2008 U.S. Dist. LEXIS 16403, 2008 WL 616054 at *2-3 (D. Alaska 2008). The service provider sought, through discovery, to obtain notes regarding interviews with individuals reporting complaints of abuse or neglect, a memorandum regarding the interview, and correspondence from the P&A to the complainants and to a state licensing and certification agency. <u>Id.</u> at *5. The court denied the service provider's request to compel discovery of the documents it sought, finding that the P&A privilege and confidentiality provisions required the P&A to keep "all records and information," including the requested documents, confidential. <u>Id.</u> at *12.

Although the Alaska P&A sought access to records pursuant to the Protection and Advocacy for Individuals with Mental Illness Act ("the PAIMI Act"), 42 U.S.C. §§ 10801 <u>et seq.</u>, not the DD and PAIR Acts, the relevant confidentiality provisions of the DD and PAIMI Acts are identical. Both the DD and PAIMI Acts require that the P&A maintain the confidentiality of "all records and information." 42 U.S.C. § 10806(a); 42 C.F.R. § 51.45; 45 C.F.R. § 1326.28(b)(1). This confidentiality requirement compelled the U.S. District Court for the District of Alaska to prohibit discovery of information and records in the possession of the P&A; this court should similarly prohibit CMBOE from seeking discovery of information and records in the possession of DRNC.

**Conclusion**

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion for Protective Order.

Respectfully submitted, this the 29th day of January, 2019.

/s/ Kristine L. Sullivan
Kristine L. Sullivan, N.C. State Bar No. 35595
kristine.sullivan@disabilityrightsnc.org

/s/ Virginia Fogg
Virginia Fogg, N.C. State Bar No. 21116
virginia.fogg@disabilityrightsnc.org

*Attorneys for Defendant*
DISABILITY RIGHTS NC
3724 National Drive, Suite 100
Raleigh, NC 27612
Phone: (919) 856-2195
Fax: (919) 856-2244

Certificate of Service

The undersigned hereby certifies that on January 29, 2019, I electronically filed the foregoing Memorandum Supporting Defendant's Motion for Protective Order with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel for Plaintiff.

Respectfully submitted,

/s/ Kristine L. Sullivan
Kristine L. Sullivan, N.C. State Bar No. 35595
kristine.sullivan@disabilityrightsnc.org
*Attorney for Defendant*
DISABILITY RIGHTS NC
3724 National Drive, Suite 100
Raleigh, NC 27612
Telephone: (919) 856-2195
Fax: (919) 856-2244