IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-cv-498

| | |
|---|---|
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, | ) ) ) |
| Plaintiff and Consolidated Defendant, | ) ) ) |
| v. | ) ) |
| DISABILITY RIGHTS NORTH CAROLINA, | ) ) ) |
| Defendant and Consolidated Plaintiff. | ) ) |

_____

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST COMBINED REQUESTS FOR
ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT.

Now comes the Defendant, Disability Rights North Carolina (hereinafter "Defendant" or

"DRNC") pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure, by and

through its undersigned counsel, and responds to Plaintiff's First Combined Requests for

Admissions, Interrogatories, and Requests for Production of Documents (hereinafter "Plaintiff's

First Combined Requests").

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DEFINITION OF TERMS AS

## EMPLOYED IN PLAINTIFF'S FIRST COMBINED REQUESTS

1.      Defendant objects to the definition of "complaint" employed herein. As defined

by Plaintiff, the term "complaint," is limited to an "allegation of misconduct." Investigations

conducted by Defendant may arise from such complaints but may also arise from other

information; the First Combined Request does not account for these other bases, including a

determination of probable cause. Further, Plaintiff's definition of "complaint" is "limited to

instances and circumstances involving the current above captioned lawsuit," which is ambiguous.

2.      Defendant objects to the characterization of "Student A" employed herein. Plaintiff attributes the characterization to Defendant's staff. This attribution is inaccurate; at no time has Defendant stated that Student A was "offered" the use of a wheelchair. Based on the totality of circumstances known to Defendant's staff, Defendant considered the use of the wheelchair to be forced upon Student A.

3.      Defendant objects to the characterization of "Student B" employed herein. Plaintiff attributes the characterization to Defendant's staff. This attribution is inaccurate; at no time has Defendant stated that Student B received "stabilizing mobility" through the use of a Rifton chair. Based on the totality of circumstances known to Defendant's staff, Defendant considered the use of the Rifton chair to be designed to keep the student contained and seated, a form of restraint.

## RESPONSE FOR COMBINED REQUEST NO. 1

**REQUEST FOR ADMISSION**
Admit that the timeframe for the complaint at Metro School regarding the alleged improper use(s) of assistive technology devices is August 2016 through December of 2016.

**Response:**

Defendant objects to the characterization of this matter as "the alleged improper use(s) of assistive technology devices;" the investigation Defendant is conducting extends to matters other than the use of assistive technology devices. Defendant additionally objects to the term "timeframe," as it is not defined in Plaintiff's First Combined Request and is ambiguous.

Subject to and without waiving the foregoing objections, the Request for Admission is

denied. The subject of Defendant's inquiry concerns practices employed by CMS staff prior to

August 2016. Further, Defendant's investigation into these practices in ongoing.

**INTERROGATORY**
To the extent that your response to RFA 1 is not an unqualified admission, what are the dates of
the received complaints regarding the alleged improper use of assistive technology devices at
Metro School?

**Response:**

The term "timeframe" is not defined in Plaintiff's First Combined Request and is

ambiguous. One interpretation is that "timeframe" refers to a complaint(s) Defendant received

from August 2016 through December 2016, regarding the alleged improper use(s) of assistive

technology devices at Metro School. Employing this interpretation, and employing the definition

of complaint/complainant used in Plaintiff's First Combined Request, there were no complaints

received from August 2016 through December 2016.

The other interpretation is that "timeframe" refers to a complaint(s) Defendant received

regarding the alleged improper use(s) of assistive technology devices at Metro School, where

such use(s) occurred from August 2016 through December 2016. Employing this interpretation,

and employing the definition of complaint/complainant used in Plaintiff's First Combined

Request, Defendant objects to the extent this Interrogatory seeks information protected by the

attorney-client privilege and/or protected as strictly confidential by the federal statutes and

federal regulations governing DRNC as North Carolina's federally-designated Protection and

Advocacy System (P&A).

Defendant is organized as a public interest law firm, limiting its representation to

individuals with disabilities. Defendant employs sixteen attorneys, fourteen of whom are

engaged in program activities – i.e. the representation of individuals. Defendant also employs ten

non-attorney advocates working under the direct supervision of the staff attorneys. Any

communications from an individual to an attorney or non-attorney advocate employed by Defendant, made for the purpose of obtaining a legal opinion or legal services, is regarded as a communication from a client. Therefore, the attorney-client privilege prohibits Defendant from revealing a client's confidences, including the identity of such individual, without the client's express permission.

Additionally, as the P&A for North Carolina, Defendant has the authority and obligation to inspect and monitor facilities that serve individuals with developmental disabilities, mental illness, and/or other disabilities in order to determine compliance with respect to client rights and safety. The P&A is also granted access to service providers to "investigate incidents of abuse and neglect of individuals with developmental disabilities if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred." 42 U.S.C. § 15043(a)(2)(B). To protect clients and other individuals who provide information to the P&A, the governing statutes and regulations include requirements regarding the confidentiality and safekeeping of records. Specifically, the P&A is required to keep confidential "all records and information" pertaining to clients, or individuals who receive general information and technical assistance; "the identity of individuals who report incidents of abuse or neglect, or who furnish information that forms the basis for a determination that probable cause exists;" and/or the identity of the individuals who "provided information to the P&A for the record." 45 C.F.R. § 1326.28(b)(1). The P&A is required to obtain the written consent of any such individuals before releasing information about those individuals. § 1326.28(b)(3).

To the extent Defendant has information responsive to the Interrogatory it received pursuant to a confidential communication with a client(s), Defendant has not been authorized to disclose such individual information, including the date of such communication, which is subject

to the attorney-client privilege. To the extent Defendant has information responsive to the

Interrogatory it received from any source, in its role as the designated P&A for North Carolina,

Defendant has not been authorized to disclose such individual information, and is otherwise

prohibited from releasing information pursuant to the PAIDD and PAIR Acts and accompanying

regulations.


## RESPONSE FOR COMBINED REQUEST NO. 2

**REQUEST FOR ADMISSION**
Admit the source of the alleged complaint regarding the improper use of assistive technology
devices at Metro School were the observations of DRNC employees.

**Response:**

The definition of "complaint" employed in Plaintiff's First Combined Request is limited

to allegations of misconduct made by persons <u>not</u> affiliated with DRNC. Employing that

definition, this Request for Admission is contradictory and therefore denied.

Subject to and without waiving the foregoing objections, Defendant answers further that

the investigation by DRNC of practices employed by CMS staff is ongoing, and includes

information derived from sources other than DRNC staff.

**INTERROGATORY**
To the extent that your response to RFA 2 is not an unqualified admission, list all facts on which
you based any part of your response that is not an unqualified admission and identify all persons
with knowledge of each such fact.

**Response:**

As explained in Combined Request No. 1 above, to the extent Defendant received a

complaint pursuant to a confidential communication with a client(s), Defendant has not been

authorized to disclose such individual information, including the identity of any such individual,

which is subject to the attorney-client privilege. The information requested additionally falls

within the protection of the P&A confidentiality requirements, to the extent that the information

constitutes a complaint of abuse/neglect, and/or information that formed the basis for DRNC's

determination of probable cause in this matter.

**REQUEST TO PRODUCE**

Identify all documents that summarize, memorialize, or otherwise detail each fact listed in the preceding Interrogatory, including, but not limited to, documents that summarize, memorialize or detail the observations made by DRNC during visits at Metro School.  If any of the relevant material was made in audio format, provide a copy or transcript of the audio file.

**Response:**

Defendant maintains an electronic database containing documents and notes of

communications relating to each client with which it communicates, relating to each service

provider that the organization monitors, and relating to each investigation the organization

conducts. The files on Metro School, and/or this litigation, have entries that fall into the

following general categories:

- Electronic files summarizing information received from a client(s) during a

  communication made for the purpose of obtaining a legal opinion or legal service, and/or

  made during the course of legal representation.

- Handwritten notes and/or electronic files summarizing observations a DRNC attorney(s)

  or non-attorney advocate(s), working under the supervision of a DRNC attorney, made

  during the course of a client(s) representation.

- Handwritten notes and/or electronic files summarizing monitoring visits on September

  20, 2016 and November 28, 2016.

- Electronic files summarizing information received from an individual(s) reporting an

  allegation(s) of abuse and/or neglect to DRNC.

- A memorandum detailing Defendant's bases for its probable cause determination in the investigation it is conducting into abuse and/or neglect at Metro School.

The first two categories of documents fall within the protection of attorney-client privilege, as these files document confidential communications made by a client(s) of DRNC. These documents also fall within the protection of the P&A confidentiality requirements, to the extent that the information in such files constitutes a complaint of abuse/neglect, and/or information that formed the basis for DRNC's determination of probable cause in this matter. Finally, to the extent that the information in such files constitutes mental impressions, conclusions, opinions and/or legal theories of a DRNC attorney(s), the files constitute attorney work product.

The third and fourth categories of documents similarly fall within the protection of the P&A confidentiality requirements, to the extent that the information in such files constitutes a complaint of abuse/neglect, and/or information that formed the basis for DRNC's determination of probable cause in this matter. To the extent that the information in such files constitutes mental impressions, conclusions, opinions and/or legal theories of a DRNC attorney(s), the files constitute attorney work product.

The final category of documents, the memorandum, is attorney work product. It is Defendant's practice to draft an internal memorandum outlining the basis for a probable cause determination in anticipation of litigation regarding such determination. As DRNC anticipated this matter would require litigation, it drafted such an internal memorandum. The memorandum was written by and contains the mental impressions, conclusions, opinions and/or legal theories of a DRNC attorney(s). The memorandum also falls within the protection of the P&A confidentiality requirements, as it details information that formed the basis for DRNC's

determination of probable cause in this matter. Further, the memorandum is also protected by the

attorney-client privilege, to the extent it documents confidential communications made by a

client(s) of DRNC.

**RESPONSE FOR COMBINED REQUEST NO. 3**

**REQUEST FOR ADMISSION**
Admit that DRNC received only one complaint regarding the improper use of assistive
technology devices at Metro School during the 2016-2017 school year.

**Response:**

Subject to and without waiving the foregoing objections, the Request for Admission is

denied.

**INTERROGATORY**
If you deny: 1) How many complaints were received about the alleged improper use of assistive
technology devices at Metro School;  2) What were the nature of those complaints; 3) What were
the dates of made those complaints; and Who made those complaints?

**Response:**

Defendant objects to the extent this Interrogatory seeks information protected by the

attorney-client privilege and/or protected as strictly confidential by the federal statutes and

federal regulations governing DRNC as North Carolina's federally-designated Protection and

Advocacy System (P&A). To the extent Defendant has information responsive to the

Interrogatory it received pursuant to a confidential communication with a client(s), Defendant

has not been authorized to disclose such individual information, which is subject to the attorney-

client privilege. To the extent Defendant has information responsive to the Interrogatory it

received as a result of its access authority as the designated P&A for North Carolina, Defendant

has not been authorized to disclose such individual information, and is otherwise prohibited from

releasing information pursuant to the PAIDD and PAIR Acts.

**REQUEST TO PRODUCE**

Identify all documents that summarize, memorialize, or otherwise detail each fact listed in the preceding Interrogatory. If any of the relevant material was made in audio format, provide a copy or transcript of the audio file.

**Response:**

Defendant's files on Metro School, and/or this litigation, have entries that fall into the following general categories:

- Electronic files summarizing information received from a client(s) during a communication made for the purpose of obtaining a legal opinion or legal service, and/or made during the course of legal representation.

- Handwritten notes and/or electronic files summarizing observations a DRNC attorney(s) or non-attorney advocate(s) made during the course of a client(s) representation.

- Handwritten notes and/or electronic files summarizing monitoring visits on September 20, 2016 and November 28, 2016.

- Electronic files summarizing information received from an individual(s) reporting an allegation(s) of abuse and/or neglect to DRNC.

- A memorandum detailing Defendant's bases for its probable cause determination in the investigation it is conducting into abuse and/or neglect at Metro School.

As explained in Combined Request No. 2 above, these documents and the information contained therein are protected by the attorney-client privilege, the P&A confidentiality requirements, and/or the attorney work product doctrine.

**RESPONSE FOR COMBINED REQUEST NO. 4**

**REQUEST FOR ADMISSION**

Admit that you have not requested a release or waiver, waiving the right to confidentiality, from any individual(s) who made complaints regarding the alleged improper use of assistive

technology devices at Metro School during the 2016-2017 school year.

**Response:**

    Subject to and without waiving the foregoing objections, admitted.

**INTERROGATORY**
To the extent that your response to RFA 4 is not an unqualified admission, list all facts on which you based any part of your response that is not an unqualified admission and identify all persons with knowledge of each such fact, including, what, if any attempts have been made to obtain a release or written consent from the complainant regarding the alleged improper use of assistive technology devices at Metro School?

**Response:**

    Not applicable.

**REQUEST TO PRODUCE**
Identify all documents that summarize, memorialize, or otherwise detail each fact listed in the preceding Interrogatory, including copies of waivers or release forms used by DRNC and obtained as part of the complaint at Metro School. If you do not have signed release forms, please provide a blank copy. If any of the relevant material was made in audio format, provide a copy or transcript of the audio file.

**Response:**

    Not applicable.


<u>**RESPONSE FOR COMBINED REQUEST NO. 5**</u>

**REQUEST FOR ADMISSION**
Admit that CMS provided DRNC with copies of the Metro students' records that it requested in its June 7, 2017 letter to Principal Fermandi Dyson.

**Response:**

    The Request for Admission is denied.

**INTERROGATORY**
To the extent that your response to RFA 5 is not an unqualified admission, list all facts on which you based any part of your response that is not an unqualified admission and identify all persons with knowledge of each such facts.

**Response:**

Defendant requested that CMS "redact all identifying information and include only the portions of each IEP that describe the use of assisted technology, seclusion, and/or restraint." That is not what CMS provided to Defendant. CMS provided IEPs with nearly all information redacted.

There is no additional factual basis for Defendant's response. It is Defendant's position that CMS did not provide the records as requested in its June 7, 2017 letter.


### RESPONSE FOR COMBINED REQUEST NO. 6

**REQUEST FOR ADMISSION**
Admit that CMS fully complied with DRNC's request for redacted copies of the Metro students' records per the June 7, 2017 letter to Principal Fermandi Dyson.

**Response:**

The Request for Admission is denied.

**INTERROGATORY**
To the extent that your response to RFA 6 is not an unqualified admission, list all facts on which you based any part of your response that is not an unqualified admission and identify all persons with knowledge of each such facts.

**Response:**

Defendant requested that CMS "redact all identifying information and include only the portions of each IEP that describe the use of assisted technology, seclusion, and/or restraint." That is not what CMS provided to Defendant. CMS provided IEPs with nearly all information redacted.

There is no additional factual basis for Defendant's response. It is Defendant's position that CMS did not provide the records as requested in its June 7, 2017 letter.

## RESPONSE FOR COMBINED REQUEST NO. 7

**REQUEST FOR ADMISSION**
Admit that CMS redacted all identifying information from the Metro students' records as directed by DRNC in its June 7, 2017 letter to Principal Fermandi Dyson.

**Response:**

The Request for Admission is denied.

**INTERROGATORY**
To the extent that your response to RFA 7 is not an unqualified admission, list all facts on which you based any part of your response that is not an unqualified admission and identify all persons with knowledge of each such facts.

**Response:**

Defendant requested that CMS redact all identifying information, i.e. information which

can be used to establish or distinguish an individual's identity, such as name, age or date of birth.

CMS provided IEPs with nearly all information redacted.

There is no additional factual basis for Defendant's response. It is Defendant's position

that CMS did not provide the records as requested in its June 7, 2017 letter.


## RESPONSE FOR COMBINED REQUEST NO. 8

**REQUEST FOR ADMISSION**
Admit that in the June 7, 2017, letter to Principal Fermandi Dyson, DRNC requested that CMS provide the name and contact information of the legal guardian for each student enrolled at Metro School, in the alternative to producing the Metro students' records.

**Response:**

The Request for Admission is admitted.

**INTERROGATORY**
To the extent that your response to RFA 8 is not an unqualified admission, list all facts on which you based any part of your response that is not an unqualified admission and identify all persons with knowledge of each such facts.

**Response:**

Not applicable.

## RESPONSE FOR COMBINED REQUEST NO. 9

**REQUEST FOR ADMISSION**
Admit that the Metro students' records provided to DRNC did not identify any further evidence of probable cause regarding the alleged improper use of assistive technology devices.

**Response:**

The Request for Admission is admitted. Answering further, the records did not provide

any evidence for or against probable cause because any useable information was redacted.

**INTERROGATORY**
To the extent that your response to RFA 9 is not an unqualified admission, list all facts on which you based any part of your response that is not an unqualified admission and identify all persons with knowledge of each such facts.

**Response:**

Defendant requested that CMS "redact all identifying information and include only the

portions of each IEP that describe the use of assisted technology, seclusion, and/or restraint."

That is not what CMS provided to Defendant. CMS provided IEPs with nearly all information

redacted.

There is no additional factual basis for Defendant's response. It is Defendant's position

that CMS did not provide the records as requested in its June 7, 2017 letter.

**REQUEST TO PRODUCE**
Identify all documents that summarize, memorialize, or otherwise detail each fact listed in the preceding Interrogatory. If any of the relevant material was made in audio format, provide a copy or transcript of the audio file.

**Response:**

Not applicable.

<u>**RESPONSE FOR COMBINED REQUEST NO. 10**</u>

**REQUEST FOR ADMISSION**
Admit that DRNC stated in its June 7, 2017 letter to Principal Fermandi Dyson that its basis for conducting an investigation was that DRNC received "a complaint regarding improper use of restraint, including but not limited to wheelchairs and other assistive devices, at Metro School."

**Response:**

It is admitted that the letter stated DRNC received "a complaint regarding improper use

of restraint, including but not limited to wheelchairs and other assistive technology devices, at

Metro School."

**INTERROGATORY**
To the extent that your response to RFA 10 is not an unqualified admission, list all facts on which you based any part of your response that is not an unqualified admission and identify all persons with knowledge of each such facts.

**Response:**

Not applicable.


<u>**RESPONSE FOR COMBINED REQUEST NO. 11**</u>

**REQUEST FOR ADMISSION**
Admit that the parent of Student A did not make a complaint to DRNC.

**Response:**

Employing the definition of complaint/complainant used in Plaintiff's First Combined

Request, the Request for Admission is admitted.

**INTERROGATORY**
To the extent that your response to RFA 11 is not an unqualified admission, list all facts on which you based any part of your response that is not an unqualified admission and identify all persons with knowledge of each such facts.

**Response:**

Not applicable.

**REQUEST TO PRODUCE**
Identify all documents that summarize, memorialize, or otherwise detail each fact listed in the preceding Interrogatory. If any of the relevant material was made in audio format, provide a copy or transcript of the audio file.

**Response:**

Not applicable.

## RESPONSE FOR COMBINED REQUEST NO. 12

**REQUEST FOR ADMISSION NO. 12**
Admit that no employee of DRNC observed Student A being forced to use the wheelchair.

**Response:**

The Request for Admission is denied.

**INTERROGATORY**
To the extent that your response to RFA 12 is not an unqualified admission, list all facts on which you based any part of your response that is not an unqualified admission and identify all persons with knowledge of each such facts.

**Response:**

As previously reported to CMS, DRNC staff saw Student A strapped into a wheelchair. Student A was making vocalizations that indicated distress. DRNC staff then saw Student A's parent release the student from the wheelchair. Student A stopped making the vocalizations. Student A walked through the main office of Metro School without assistance.

Defendant objects to the Interrogatory to the extent it requests Defendant identify all persons with knowledge of each such fact. As explained in Combined Request No. 1 above, the identity of individuals who report incidents of abuse or neglect, or who furnish information that forms the basis for a determination that probable cause exists, falls within the protection of the P&A confidentiality requirements.

**REQUEST TO PRODUCE**
Identify all documents that summarize, memorialize, or otherwise detail each fact listed in the preceding Interrogatory. If any of the relevant material was made in audio format, provide a copy or transcript of the audio file.

**Response:**

- Handwritten notes and/or electronic files summarizing monitoring visits on September 20, 2016 and November 28, 2016.

- Electronic files summarizing information received from an individual(s) reporting an allegation(s) of abuse and/or neglect to DRNC.

- A memorandum detailing Defendant's bases for its probable cause determination in the investigation it is conducting into abuse and/or neglect at Metro School.

    As explained in Combined Request No. 2 above, these documents and the information contained therein are protected by the attorney-client privilege, the P&A confidentiality requirements, and/or the attorney work product doctrine.


## RESPONSE FOR COMBINED REQUEST NO. 13

**REQUEST FOR ADMISSION**
Admit that DRNC does not know what the IEP of Student A provided regarding the use of a wheelchair or any other assistive technology device at Metro School.

**Response:**

    The Request for Admission is admitted.

**INTERROGATORY**
To the extent that your response to RFA 13 is not an unqualified admission, list all facts on which you based any part of your response that is not an unqualified admission and identify all persons with knowledge of each such facts.

**Response:**

    Not applicable.

**REQUEST TO PRODUCE**
Identify all documents that summarize, memorialize, or otherwise detail each fact listed in the preceding Interrogatory. If any of the relevant material was made in audio format, provide a copy or transcript of the audio file.

**Response:**

     Not applicable.


## RESPONSE FOR COMBINED REQUEST NO. 14

**REQUEST FOR ADMISSION**
Admit that the parent of Student B did not make a complaint to DRNC.

**Response:**

     Employing the definition of complaint/complainant used in Plaintiff's First Combined

Request, the Request for Admission is admitted.

**INTERROGATORY**
To the extent that your response to RFA 14 is not an unqualified admission, list all facts on which you based any part of your response that is not an unqualified admission and identify all persons with knowledge of each such facts.

**Response:**

     Not applicable.

**REQUEST TO PRODUCE**
Identify all documents that summarize, memorialize, or otherwise detail each fact listed in the preceding Interrogatory. If any of the relevant material was made in audio format, provide a copy or transcript of the audio file.

**Response:**

     Not applicable.


## RESPONSE FOR COMBINED REQUEST NO. 15

**REQUEST FOR ADMISSION**
Admit that no employee of DRNC observed Student B being forced to use a Rifton chair.

**Response:**

The Request for Admission is denied.

**INTERROGATORY**

To the extent that your response to RFA 15 is not an unqualified admission, list all facts on which you based any part of your response that is not an unqualified admission and identify all persons with knowledge of each such facts.

**Response:**

As previously reported to CMS, DRNC staff saw Student B strapped into a Rifton chair.

DRNC could not determine whether Student B was "forced" to use the chair or chose to sit in it.

Defendant objects to the Interrogatory to the extent it requests Defendant identify all

persons with knowledge of each such fact. As explained in Combined Request No. 1 above, the

identity of individuals who report incidents of abuse or neglect, or who furnish information that

forms the basis for a determination that probable cause exists, falls within the protection of the

P&A confidentiality requirements.

**REQUEST TO PRODUCE**

Identify all documents that summarize, memorialize, or otherwise detail each fact listed in the preceding Interrogatory. If any of the relevant material was made in audio format, provide a copy or transcript of the audio file.

**Response:**

- Handwritten notes and/or electronic files summarizing monitoring visits on September

  20, 2016 and November 28, 2016.

- Electronic files summarizing information received from an individual(s) reporting an

  allegation(s) of abuse and/or neglect to DRNC.

- A memorandum detailing Defendant's bases for its probable cause determination in the

  investigation it is conducting into abuse and/or neglect at Metro School.

  As explained in Combined Request No. 2 above, these documents and the information

contained therein are protected by the attorney-client privilege, the P&A confidentiality

requirements, and/or the attorney work product doctrine.

## RESPONSE FOR COMBINED REQUEST NO. 16

**REQUEST FOR ADMISSION**
Admit that DRNC does not know what the IEP of Student B provided regarding the use of a
Rifton chair or any other assistive technology device at Metro School.

**Response:**

    The Request for Admission is admitted.

**INTERROGATORY**
To the extent that your response to RFA 16 is not an unqualified admission, list all facts on
which you based any part of your response that is not an unqualified admission and identify all
persons with knowledge of each such facts.

**Response:**

    Not applicable.

## RESPONSE FOR COMBINED REQUEST NO. 17

**REQUEST FOR ADMISSION**
Admit that DRNC refused to provide information that would assist CMS in identifying Student
A.

**Response:**

    Defendant objects to the use of the term "refused." Subject to the foregoing objection, the

Request for Admission is denied. Defendant provided information to CMS that was intended by

DRNC to assist in identifying Student A, including the identity(s) of CMS employees who were

present at the time of DRNC's observations.

**INTERROGATORY**
To the extent that your response to RFA 17 is not an unqualified admission, list all facts on
which you based any part of your response that is not an unqualified admission and identify all

persons with knowledge of each such facts.

**Response:**

Not applicable, as there is no additional factual basis for Defendant's response. It is

DRNC's position that it provided CMS with the information available to DRNC, and intended to

assist in identifying Student A.


## RESPONSE FOR COMBINED REQUEST NO. 18

**REQUEST FOR ADMISSION**
Admit that DRNC refused to provide information to assist CMS with identifying Student B.

**Response:**

Defendant objects to the use of the term "refused." Subject to the foregoing objection, the

Request for Admission is denied. Defendant provided information to CMS that was intended by

DRNC to assist in identifying Student B, including the identity(s) of CMS employees who were

present at the time of DRNC's observations.

**INTERROGATORY**
To the extent that your response to RFA 18 is not an unqualified admission, list all facts on
which you based any part of your response that is not an unqualified admission and identify all
persons with knowledge of each such facts.

**Response:**

Not applicable, as there is no additional factual basis for Defendant's response. It is

DRNC's position that it provided CMS with the information available to DRNC, and intended to

assist in identifying Student B.


## RESPONSE FOR COMBINED REQUEST NO. 19

**REQUEST FOR ADMISSION**
Admit that no Metro parent or guardian made a complaint to Disability Rights NC regarding the

use of wheelchairs at Metro School.

**Response:**

Employing the definition of complaint/complainant used in Plaintiff's First Combined

Request, the Request for Admission is admitted.

**INTERROGATORY**
To the extent that your response to RFA 19 is not an unqualified admission, list all facts on which you based any part of your response that is not an unqualified admission and identify all persons with knowledge of each such facts.

**Response:**

Not applicable.

**REQUEST TO PRODUCE**
Identify all documents that summarize, memorialize, or otherwise detail each fact listed in the preceding Interrogatory. If any of the relevant material was made in audio format, provide a copy or transcript of the audio file.

**Response:**

Not applicable.

This the 29th day of November, 2018.

/s/ Kristine L. Sullivan
Kristine L. Sullivan, N.C. State Bar No. 35595
kristine.sullivan@disabilityrightsnc.org

/s/ John R. Rittelmeyer
John R. Rittelmeyer, N.C. State Bar No. 17204
john.rittelmeyer@disabilityrightsnc.org

*Attorneys for Defendant*
DISABILITY RIGHTS NC
3724 National Drive, Suite 100
Raleigh, NC 27612
Phone: (919) 856-2195
Fax: (919) 856-2244

<u>Certificate of Service</u>

The undersigned hereby certifies that the undersigned has served the foregoing

Defendant's Response to Plaintiff's First Combined Set of Requests for Admission,

Interrogatories and Requests for Production of Documents by electronic mail and by U.S. Mail

on counsel of record for Plaintiff:

> J. Melissa Woods, Senior Associate General Counsel
> Andre Mayes, Deputy General Counsel
> Charlotte-Mecklenburg Board of Education
> 600 E. Fourth Street, 5th Floor
> Charlotte, NC 28202

This the 29th day of November, 2018.

> Respectfully submitted,
> /s/ Kristine L. Sullivan
> Kristine L. Sullivan, N.C. Bar No. 35595
> kristine.sullivan@disabilityrightsnc.org
> *Attorney for Defendant*
> DISABILITY RIGHTS NC
> 3724 National Drive, Suite 100
> Raleigh, NC  27612
> Telephone: (919) 856-2195
> Fax: (919) 856-2244