UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-498-RJC-DSC

| | |
|---|---|
| CHARLOTTE-MECKLENBURG ) <br> BOARD OF EDUCATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) ORDER <br> ) <br> DISABILITY RIGHTS OF ) <br> NORTH CAROLINA , ) <br> ) <br> Defendant. ) <br> _____ ) | |

**THIS MATTER** comes before the Court on Defendant's Motion for Protective Order, (Doc. No. 29); the Magistrate Judge's Order, (Doc. No. 38), granting Defendant's Motion for Protective Order; Plaintiff's Objections to the Magistrate Judge's Order, (Doc. No. 39); Defendant's Response in Opposition to Plaintiff's Objections, (Doc. No. 42); and Plaintiff's Reply, (Doc. No. 43).

I.  STANDARD OF REVIEW

The district court has authority to assign non-dispositive pretrial matters pending before the Court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). Where a magistrate judge has determined a non-dispositive pretrial matter pending before the court, a judge of the court may reconsider the matter "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." Id. Under this standard, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence

1

is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 346, 395 (1948); Walton v. Johnson, 440 F.3d 160, 174 (4th Cir. 2006). "A decision is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Bridges v. N.C. Dep't of Corr., 2011 WL 386846, at *4 (W.D.N.C. 2011).

## II. DISCUSSION

Plaintiff objects to the Magistrate Judge's Order ("the Order") on three grounds: Plaintiff argues that (1) the Order's conclusion that "Plaintiff's discovery requests pertain to matters beyond the scope of discovery at this stage of the case" mischaracterizes the nature of Plaintiff's Declaratory Judgment Action; (2) the Order's conclusion that "Plaintiff seeks production about Defendant's investigation—information that it will be entitled to only if it prevails on the merits of this case" is incorrect; and (3) the Order's failure to consider whether the information and documents requested are protected by privilege constitute clear error or are contrary to law. After careful review of the record and pleadings, the Court concludes that Plaintiff's Objections are without merit, and the Order is not clearly erroneous and should be affirmed for the reasons expressed herein.

First, Plaintiff did not include its first objection—that Defendant mischaracterized the nature of Plaintiff's claim—in its Response to Defendant's Motion for Protective Order. "[T]he court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's report. While the court has the power to address such arguments, that power lies

within the court's sound discretion." <u>Hogan v. Cherokee Cty.</u>, 2019 WL 1376074, at *1 (W.D.N.C. Mar. 27, 2019). Requiring district courts to consider new arguments raised in objections would give an advantage to parties that choose to change their strategy in response to an unfavorable recommendation from a magistrate judge. <u>Murr v. United States</u>, 200 F.3d 865, 902 (6th Cir. 2000). Furthermore, Plaintiff concedes that it does not challenge Defendant's discretion to make initial probable cause determinations to investigate claims under the Developmental Disabilities Act and the Protection and Advocacy of Individual Rights, but Plaintiff seeks documentation, including the names of employees, used in the initial probable cause determination by Defendant.

Next, Plaintiff objects to the Magistrate Judge's conclusion that "Plaintiff seeks production about Defendant's investigation—information that it will be entitled to only if it prevails on the merits of this case." (Doc. No. 38 at 1). Plaintiff argues that it is asking the Court to resolve legal disputes between the parties and not use the information to challenge Defendant's discretion to make an initial probable cause determination. Defendant argues that Plaintiff's discovery request seeks the same information as the remedy, which is information that relates to the probable cause determination made by Defendant. Furthermore, the Magistrate Judge stated that Plaintiff seeks production regarding Defendant's probable cause investigation, which Plaintiff "will be entitled to only if it prevails on the merits in this case." (<u>Id.</u>). Plaintiff has not demonstrated why it would be entitled to

3

obtaining information without prevailing on the merits of this case or why this is contrary to law or clear error.

Finally, Plaintiff's third objection that the Order's failure to consider whether the documents requested are protected by privilege merely restates arguments found in Plaintiff's Response to the Motion for Protective Order. Filing objections such as these frustrates the purpose of the initial referral of motions to the Magistrate Judge. These arguments have already been presented to and considered by the Magistrate Judge in his initial determination to grant Defendant's Motion. While Plaintiff contends that the documentation sought is not privileged, it does not demonstrate that the Magistrate Judge committed clear error or acted contrary to law by not addressing that issue. Additionally, the Magistrate Judge was not required to address the issue of privilege because he determined that Plaintiff could not seek the information through discovery at this point in the proceedings. Accordingly, the Court finds that the Magistrate Judge's ruling was not contrary to law or clearly erroneous.

## I. CONCLUSION

For the reasons discussed above, the Order granting Defendant's Motion for Protective Order is not clearly erroneous or contrary to law, and Plaintiff's Objections are without merit.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Objections to the Magistrate's Judge's Order, (Doc. No. 39), are **OVERRULED;** and

2. The Magistrate's Judge's Order, (Doc. No. 38), is **AFFIRMED**.

Signed: August 6, 2019

_____
Robert J. Conrad, Jr.
United States District Judge